UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>    Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>    Defendants. | No. 2:17-cv-1611 TLN AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Kernan, Allison, Baughman, Jones, Clough, Haynie, Macias, Huber, and Does 1 and 2 violated plaintiff's rights under the Eighth Amendment. Plaintiff alleges that on February 21, 2017, he was assaulted by four or more inmates for at least five minutes. ECF No. 1 at 8-9, ¶¶ 3, 37. The assault occurred when defendants Macias and Huber left their classrooms unattended and allowed unauthorized inmates to access the classroom where plaintiff worked. Id. ¶¶ 35-36. Not only did they leave the classrooms unsupervised, which allowed the attack to happen, but once the assault began, neither defendant responded to the incident or activated their alarms despite plaintiff's calls for help. Id. at 9, ¶¶ 38-39. Their failure to act continued even after another inmate helped plaintiff escape the classroom and defendants saw plaintiff in the hallway, less than ten feet away, covered in blood. Id. at 9-10, ¶¶ 39-40. Instead of intervening, defendants ignored plaintiff; he and the inmate assisting him had to make their way through the building to the entrance in order to find correctional officers to assist them and get medical attention. Id. at 10, ¶ 41. The assault was prompted by Macias indicating to inmates who were trying to get her to smuggle contraband that she could not do so because plaintiff would report her. Id. at 8, 10, ¶¶ 31, 43-44.

Defendant Does 1 and 2 were allegedly responsible for providing security for the work center where the assault occurred, but they do not ever take posts in the classrooms or halls,

despite the recent increases in violence and unsolved stabbing that occurred in a classroom. Id. at 7, ¶¶ 27-29. They also failed to take any measures to ensure the classrooms were secure or to rectify the fact that they were often left unsupervised. Id. ¶¶ 28-30.

With respect to defendants Kernan, Allison, Baughman, Clough, and Haynie, the complaint alleges that these defendants were responsible for the policies that led to the assault happening. Id. at 13-15, ¶¶ 57-62. Specifically, plaintiff asserts that these defendants have, at the institutional and department level, enacted polices to integrate gang members with the general population without regard to the danger they pose. Id. He further alleges that even as the incidents of violence increased, these defendants failed to take action to modify the policies to address the increasing risk of safety to inmates who were not in gangs, thereby creating and fostering a more violent environment. Id.

Finally, plaintiff alleges that after the assault, he was denied necessary medical and mental health treatment. Id. at 11-12, ¶¶ 46-53.

IV. Claims for Which a Response Will Be Required

A. Failure to Protect

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S.at 832 (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

4

i. <u>Defendants Macias and Huber</u>

Plaintiff's allegations against defendants Macias and Huber are sufficient to state a claim for failure to protect and these defendants will be required to respond to the complaint.

ii. <u>Doe Defendants 1 and 2</u>

Although the use of fictitiously named Doe defendants is generally not favored, <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants, <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765, 768 (9th Cir. 1989). Because it appears that plaintiff may be able to identify the Doe defendants through discovery and plaintiff has stated a cognizable claim against them, the court will allow the claims to proceed. However, due to the impossibility of serving an unknown individual, the court will not order service on the Doe defendants until plaintiff has identified them and filed a motion to substitute a named defendant for the Doe defendants. Plaintiff should seek to discover the identity of Doe defendants and move to substitute them into the case as soon as is possible. Failure to identify a Doe defendant and serve him prior to the close of discovery will result in a recommendation that the claims against that defendant be dismissed.

iii. <u>Supervisory Defendants</u>

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371, 376 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." <u>Taylor v List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to

prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has sufficiently alleged that defendants Kernan, Allison, Baughman, Clough, and Haynie instituted policies at their respective levels that fostered violence in the prisons and that they failed to take any action to address the ever-increasing violence that resulted from their policies. These claims are sufficient to state claims for relief and these defendants will be required to respond to the complaint.

V. Failure to State a Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

////

Although plaintiff alleges in conclusory terms that he was denied medical and mental health treatment, he does not identify who denied him the treatment he needed. Accordingly, he has failed to state a claim for relief for deliberate indifference to his serious medical needs.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claim for deliberate indifference to plaintiff's medical needs. However, it appears that plaintiff may be able to allege facts to remedy this, and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Kernan, Allison, Baughman, Jones, Clough, Haynie, Macias, and Huber, and Does 1 and 2 once they are identified, on his claim that they failed to protect him. In the alternative, plaintiff may delay serving any defendant, and amend the complaint to attempt to state cognizable claims for deliberate indifference to his medical needs.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his failure to protect claim without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the medical deliberate indifference claims.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your failure to protect claims against defendants Kernan, Allison, Baughman, Jones, Clough, Haynie, Macias, Huber, and Does 1 and 2 state claims for relief. Your claims for deliberate indifference to your medical needs do not state claims. That is because you have not explained who failed to provide you with medical and mental health treatment, and what facts show that these individuals knew their failure act risked serious harm to you.

You must make a choice about how to proceed. You can either (1) proceed immediately on your failure to protect claims and withdraw the other claims, or (2) try to amend the complaint to state claims for medical deliberate indifference. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your medical deliberate indifference claims. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once

8

the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the complaint to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for screening (ECF No. 12) is granted.

4. Plaintiff's claims for deliberate indifference to his serious medical needs do not state claims for which relief can be granted.

5. Plaintiff has the option to proceed immediately on his failure to protect claims against defendants Kernan, Allison, Baughman, Jones, Clough, Haynie, Macias, Huber, and Does 1 and 2 as set forth in Section IV above, or to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the medical deliberate indifference claims.

DATED: March 29, 2019

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL ANTHONY TODD, | No. 2:17-cv-1611 TLN AC P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| S. KERNAN, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his failure to protect claims against defendants Kernan, Allison, Baughman, Jones, Clough, Haynie, Macias, Huber, and Does 1 and 2 without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his medical deliberate indifference claims.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                                             Michael Anthony Todd
                                                                                             Plaintiff pro se